UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-----------------------------------------------

Red Wing Shoe Company, Inc.,

Plaintiff,

vs.

B-JAYS USA Inc.,

Defendant.

Civil No. 02-257 DWF/AJB

**STIPULATION OF MUTUAL DISMISSAL WITH PREJUDICE AND ORDER**

-----------------------------------------------

B-JAYS USA, Inc.,

Plaintiff,

vs.

Red Wing Shoe Company, Inc.,

Defendant.

Civil No. 02-2779 (JMR/FLN)

-----------------------------------------------

Pursuant to Rule 41, Federal Rules of Civil Procedure, Red Wing Shoe Company, Inc. ("Red Wing") and B-JAYS USA, Inc., through their respective undersigned counsel, do hereby stipulate and agree that any and all claims or counterclaims in connection with the above-referenced matter, whether asserted or unasserted, may be and are hereby dismissed with prejudice and on the merits without costs, disbursements or attorneys' fees to either party.

FILED JAN 08 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 08 2003
DEPUTY CLERK

The undersigned parties hereby further stipulate and agree that upon the filing of this fully executed Stipulation the Court may proceed to enter its Judgment of Dismissal with Prejudice without further notice or hearing.

DATED: 1/6/03

OPPENHEIMER WOLFF & DONNELLY, LLP

Edward F. Fox
Atty. Reg. No. 3132X
J. Aron Allen
Atty. Reg. No. 0247972
Ernest W. Grumbles
Atty. Reg. No. 0274793
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
Telephone: (612) 607-7000
Telefax: (612) 607-7100

*Attorneys for Plaintiff, Red Wing Shoe Company, Inc.*

DATED: 1/7/03

MASLON EDELMAN BORMAN & BRAND LLP

Richard G. Wilson
Atty. Reg. No. 16544X
Mary R. Vasaly
Atty. Reg. No. 152523
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200
Telefax: (612) 672-8397

*Attorneys for Defendant, B-JAYS USA, Inc.*

**ORDER**

Pursuant to the foregoing Stipulation, IT IS HEREBY ORDERED THAT any claims or counterclaims as between Red Wing Shoe Company, Inc., and B-JAYS USA, Inc., are hereby dismissed with prejudice and without costs, disbursements or attorneys' fees to either party.

LET JUDGMENT OF DISMISSAL BE FORTHWITH ENTERED ACCORDINGLY.

DATED: Jan. 8, 2003

Judge Donovan W. Frank
Judge of United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.